# CASES

DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1915.

---

### James Hughes, Appellee, v. Illinois Central Railroad Company, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed April 16, 1915.

### Statement of the Case.

Action by James Hughes against the Illinois Central Railroad Company for personal injuries. The plaintiff recovered a judgment for $1,000, from which the defendant appeals.

The evidence showed that the plaintiff was a trespasser in the nighttime on the tracks of the defendant, and that while trying to avoid one engine he was struck and injured by a backing locomotive on another track.

CREA & HOUSUM, for appellant; JOHN G. DRENNAN, of counsel.

JACOB L. WALDEN and JAMES W. MONTGOMERY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

RAILROADS, § 508*—*injury to trespasser on track.* The evidence in an action against a railway company, *held* to show that the plaintiff was not entitled to recover for personal injuries, sustained while a trespasser in the nighttime on the tracks of the defendant, by being struck by a backing engine as he was attempting to avoid a locomotive on another track.

---

### Charles E. Stewart, Appellee, v. J. M. Clark, James T. R. Rutledge, Abner J. Dodson and George W. Stubblefield, Appellants.

1. FRAUD, § 115*—*sufficiency of evidence in action for misrepresenting financial worth of person.* A verdict for the plaintiff *held* sustained by the evidence, in an action for fraud and deceit in inducing the plaintiff to sell chattels on credit to a third person, by misrepresenting his financial worth and the value of notes put up by him as collateral security.

2. APPEAL AND ERROR, § 1421*—*when technical errors not ground for reversal.* Technical errors in admitting evidence or in giving or refusing instructions will not justify the reversal of a judgment which is sustained by the evidence, where the merits are with the appellee.

3. APPEAL AND ERROR, § 1186*—*when denial of excessive number of requested instructions not error.* Where an unreasonable number of instructions are requested, a judgment will not be reversed for slight errors in refusing some of them.

4. INSTRUCTIONS, § 94*—*as to disregarding testimony of witnesses testifying falsely.* An instruction that the jury should disregard all of the testimony of a witness who wilfully and knowingly testified falsely to any material fact, except in so far as he was corroborated by other credible evidence or facts and circumstances, *held* not reversible error, where the facts and circumstances of the case were not close and conflicting on any material question.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.